Roy Weatherep of Louis-Brisbois-Bisgarden-Smith, for the Plaintiffs' and Appellants' ReadyLink and Barry Tresh. I would like to reserve three minutes for rebuttal. The basic issue in this case involving all of the various causes of action pleaded is whether the First Amendment swallows up all of these other legal theories under the particular facts as pleaded and shown in the record. These other legal theories include the Lanham Act, invasion of privacy, false light, intentional infliction of emotional distress, interference with economic relations, trade libel, and unfair competition under State law. The defendant's position adopted by the district court is that the First Amendment confers an absolute right to disseminate information about an individual derived from public records, even a criminal conviction that is decades old. The plaintiff's position is that the First Amendment is not applicable in this case, even though it might protect publishers and broadcasters in other contexts. Let me address five of the privacy cases decided by the Supreme Court of California and the Supreme Court of the United States. Perhaps you could include it in that. I have a ‑‑ I would like to ‑‑ you to discuss the difference between media defendants and Lynch in commercial speech. That is precisely the point I was going to make. The Briscoe case ‑‑ Well, good. We're on the same line and page then. Yes. The Briscoe case and Cox and all of the cases cited in the brief deal with media defendants and the right to freedom of the press, not freedom of speech, and certainly not in the context of private dissemination of information about private individuals for purposes of interfering with business and presenting parties in the false light. So the Briscoe case is on point factually as much as any case can be. The Supreme Court of California in that case held that an individual has a right to avoid dissemination of a long ago criminal conviction as a matter of state privacy law. And, of course, in California the right to privacy is embodied in the state constitution, not just in case law. Now, the district court here held that Briscoe was no longer good law in light of the 1975 decision of the U.S. Supreme Court in Cox Broadcasting, even though for 30 years California courts had been recognizing Briscoe as the law of California, including a decision of the state Supreme Court in 1998 discussing both Cox and Briscoe and holding that they're compatible. Now, the district court was ultimately proved correct, at least in part. In 2004, after the briefing in this case, the California Supreme Court overruled Briscoe in Gates v. Discovery Communications. But the overruling applied only to media cases, which this particular case is not. The California Supreme Court, as stated in its ultimate holding, accordingly, following Cox and its progeny, we conclude that an invasion of privacy claim based on allegations of harm caused by a media defendant's publication of facts obtained from public official records of a criminal proceeding is barred by the First Amendment. And the rest of the opinion makes it clear that the part of the First Amendment at issue is freedom of the press, not freedom of speech or things of that type. And then they also stated in a footnote, Briscoe v. Reader's Digest is overruled to the extent that it conflicts with the view set forth herein. So it's our position that Briscoe is overruled only as to media cases involving freedom of the press. It does not abolish the right of privacy, the common law false light cause of action, the Lanham Act for false advertising, and all the other legal theories on which the plaintiff relies here. Now, you have the website. Yes. And on the website, it seems to me that we have to look at it in terms of the Supreme Court cases. Is it more like the cases that talk about mass mailing, or is it more like the face-to-face targeted solicitation? And because what protection that would be attached would seem to turn on how you characterize that website. Yes, the website is not like a newspaper or a television. It is more like commercial speech of an individual, and thus freedom of the press does not apply to a website under these circumstances. It's not a publisher, and therefore freedom of the press doesn't apply. And I think the fact that privacy law survives under circumstances of this type can be found in, or can be shown in the case of Time v. Hill, where a New York jury made an award based on common law violation of privacy under New York law and New York statute, and the Supreme Court held that it was subject to the New York Times limitation based on actual malice or constitutional malice. But if the position taken by the defendants here were correct, it would have completely abolished the whole tort of privacy under New York law, which it did not do, because the New York Times rule is limited to media defendants in cases of public interest or public figures. And... You're at two and a half minutes. Do you want to reserve? I will reserve them for rebuttal. All right. Thank you. Good morning, Your Honor. Good morning. Frederick Reese on behalf of the appellees. What we have in this case is an undisputed set of facts. There are the publication on a website of official court records. Well, let's just go right to that. Why, since Lynch is not a media defendant and, in fact, uses the website to solicit business, why should he enjoy the same protection as the media undergates? Because the philosophy or reasons why the protection exists has to do with the nature of what was published. And in this case, the absolute truthfulness of the nature of what was published. Here, Mr. Lynch published two different things. The first is a reproduction of the public records. And any viewer who goes to the website, as opposed to a media defendant where the information is being sent out, in this instance, a viewer must come to the website. So it's a smaller distribution. But with regard to what is on the website, it's the actual public record. It's not Mr. Lynch just saying Barry Tresh was convicted of felony tax evasion. He gives the record itself. A viewer only has to click. In order to get to the public record itself, a viewer must know to click on something. You can then click again and find the actual public record. So the basis of the truthfulness is presented to the reader. It's not as though Mr. Lynch makes a statement. Well, he says, I'm not afraid of Barry and what Barry's wife. And then you click on, and then it goes over to Barry's convictions, right? That's correct, Your Honor. Let's talk a little, counsel. Let's talk a little bit about your client's motive. Is it unalloyed malice? Or is he trying to solicit business, trying to destroy the business of ReadyLink? Well, the motive is- All of it. I'm sorry. Or maybe all of the above. I don't know the specific answer to that question, because what a viewer to the website sees is neutral in that regard. No, it's not really neutral in that it says, take a look at this and then decide whether you want to do business with ReadyLink. What's that imply? Well, as the district court held, it's a neutral recitation of, in effect, you can call it Mr. Lynch's opinion. Mr. Lynch may be of the opinion that here's a matter of public record, and if you're considering whether or not to do business with ReadyLink, you should consider this. And what is disclosed in the information itself is the fact that it's an old conviction. There's nothing on the website that says he's still doing it. It's just not there. Well, I think a felony conviction is never a good sign. I mean, a lot of people go through their whole life and never have one. So I think most people, if given their druthers, would ‑‑ I think it does have that effect. I agree with what the Court says. And, you know, if I had a 10-year-old felony conviction, I certainly wouldn't want it published. But the fact is that the State deemed it worthy of publication. Well, maybe it does and maybe it doesn't, because, you know, California Supreme Court was very careful in Gates to limit its holding to media defendants. So to me, it's not really clear. I'm not saying I agree with your opponent that Briscoe is still good law. I don't know whether it is or not. You think it's a question that should be certified to the California Supreme Court? Whether the holding in Gates only applies to ‑‑ Whether Gates should apply in the circumstances of a case like this, where, you know, it's probably ‑‑ it's probably commercial speech. Well, I think that to the extent that the reasoning underlying Gates is that what is published is truthful and from an official public record, then the holding of Gates should apply, as my counsel suggested. I know that's your position, but that's not what the California Supreme Court said. So my question is, should we get the answer from the California Supreme Court? I don't want to be flippant about my response here. I really don't know whether it should be certified to the Supreme Court, because I think that the reasoning from the decision itself, although it says media defendants, because the court is limited to what's before it. You think, in other words, your position is clear that it applies, Gates should apply in the circumstances of this case. Correct, Your Honor. All right. Now, why? Even though, as we all know, Mr. Lynch is not a media defendant. Why should he have the same protection as a media defendant? Because the protection evolves from the nature of the publication and the fact that it is a truthful statement of an official public record. Can you cite any cases that hold that there is no material distinction between a media defendant and a commercial speech defendant who publishes information obtained from public records? Do we have any cases on this? Standing before you at this moment, they're not coming to mind, Your Honor. I'm sure you'd probably have them if there were. I would certainly hope so. Lastly, although it wasn't addressed by the appellant, so it won't come up, so thank you. All right. Thank you for your arguments. Turning to the question of defendants that are not media defendants, I think the California Supreme Court decision in Shulman v. Group W, which is cited in the briefs, is on point in that the California Supreme Court, even after discussing Cox at that time, notes and reaffirmed Briscoe and said, in Briscoe, we also recognize the strong constitutional policy involving the balancing of First Amendment protections. And now this was also involving newsworthiness and so forth. And this case sort of reviewed the California law of privacy. It was also a media case. It did not directly address the question of differences between media defendants and other defendants, and my client would have no objection to this Court certifying the issue to the California Supreme Court. But under the rules of the California Supreme Court, only a court can certify a question to the State Supreme Court. And I think that the — a good example of the case involving the fact that the First Amendment in the context of false light, and as the Court appears to have recognized in its question, this publication was not merely a report of a public record, but it was done in a manner designed to solicit business as well as to harm the plaintiffs and to present at least one of the plaintiffs in the false light, probably both of them, by arguing, contrary to the reasoning of Briscoe and Shulman, that a past criminal conviction does not shed light on the present character of a person and the This matter will now stand submitted.
judges: B. Fletcher, Tashima, Callahan